**SO ORDERED.**

**SIGNED this 17th day of March, 2016.**



_Dale L. Somers_
Dale L. Somers
United States Bankruptcy Judge

---

For on-line use but not print publication
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| In re: | |
| | |
| SCHUPBACH INVESTMENTS, LLC, | **CASE NO. 11-11425** |
| | **CHAPTER 11** |
| DEBTOR. | |

**MEMORANDUM OPINION AND ORDER GRANTING**
**THE MOTION OF ROSE HILL BANK TO DISBURSE FUNDS**
**FROM COURT REGISTRY TO MARK J. LAZZO, P.A., AND**
**CARL B. DAVIS, LIQUIDATING TRUSTEE**

Following argument, the Court took under advisement the Motion of Rose Hill Bank (Rose Hill) to Disburse Funds from Court Registry (Motion). The Motion seeks the release of funds in the Court registry that were deposited as a bond securing a stay pending appeal of this Court's order awarding attorney fees and expenses to Debtor's counsel, Mark J. Lazzo, P.A. (Lazzo). Lazzo opposes the Motion. Having considered relevant prior proceedings and the arguments and briefs of Rose Hill and Lazzo, the Court

is ready to rule.  For the reasons stated below, the Court grants the Motion and orders that $11,675.91 of the bond money, plus accrued interest less a pro-rata share of the Clerk's administrative fee, if any, be distributed to Lazzo, and the remaining balance of the bond money, plus accrued interest less a pro-rata share of the Clerk's administrative fee, if any, be released to Carl B. Davis, the Liquidating Trustee (Trustee) pursuant to the Confirmed Chapter 11 Plan in this case.

**BACKGROUND.**

A creditors' Chapter 11 Plan of liquidation for Debtor was confirmed on November 21, 2012.  The order confirming the plan provided generally for the establishment of a liquidating trust which, among other things, became responsible for the payment of certain administrative expenses, including Debtor's attorney fees.[1]  Lazzo filed applications for the payment of pre- and post-confirmation Chapter 11 attorney fees. On October 3, 2013, the Court ordered that Lazzo had an administrative claim for fees and expenses of $103,654.04, the unpaid portion of which was $37,951.86.[2]  The Trustee filed a motion to compel the seven creditor proponents of the plan to fund the liquidating trust as needed to pay Lazzo's fees and expenses, as well as other estate expenses.[3]  The amount requested from Rose Hill was $40,854.70.  Rose Hill responded that its share of

---

[1] Doc. 355.

[2] Doc. 497.

[3] Doc. 514.

2

the funding request should be $17,192.81.[4]

Rose Hill and the Trustee appealed the award of Lazzo's fees and expenses to the Bankruptcy Appellate Panel for the Tenth Circuit (BAP), and Rose Hill moved for a stay pending appeal on behalf of itself and the Trustee.[5]  A hearing on the motion to compel funding of the trust, the motion for a stay pending appeal, and a motion Debtor had filed seeking a judgment against the creditors for the award of fees and expenses was held on October 31, 2013.[6]  The Court granted the motion for a stay and noted on the docket that the Trustee had received payment from all the creditors except Rose Hill.[7]  The order for the stay provided that a cash bond in the amount of $47,439.82 (the unpaid fees and expenses of $37,951.86 plus 25%) would be provided, funded by a payment of $14,289.41 from the Trustee and $33,150.41 from Rose Hill.[8]  The order also provided that "None of [the cash bond] will be disbursed without subsequent order of this court.  Any such disbursement will be determined only after all appeals are concluded and the final mandate of any appeal issued."[9]

On November 25, 2014, the BAP issued its opinion affirming in part and reversing

---

[4] Doc. 534.

[5] Doc. 532.

[6] Doc. 555.

[7] *Id.*

[8] Doc. 561.

[9] *Id.*

in part,[10] agreeing with appellants that $26,275.95 of the requested fees and expenses should have been disallowed.[11] Lazzo appealed to the Tenth Circuit Court of Appeals, but did not request a stay of the BAP's judgment. By an opinion entered on the bankruptcy court docket on November 3, 2015, the Circuit affirmed the BAP's opinion.[12] Notice of the Tenth Circuit's mandate was entered on the bankruptcy court docket on November 25, 2015.[13] Lazzo states that he intends to file a petition for a writ of certiorari in the Supreme Court of the United States, but he has not moved for a stay in the Tenth Circuit.

Rose Hill's Motion was filed on December 2, 2015.[14] The bank seeks an order disbursing the funds to Lazzo to the extent his administrative claim was not reversed, and the remainder to "the Trustee and/or [Rose Hill] as may be designated between them."[15] Lazzo replies that the stay issued by this Court bars the distribution until the petition for a writ of certiorari is ruled upon because the stay order provides that any disbursement "will be determined only after all appeals are concluded."[16] Rose Hill responds that the stay

---

[10] Doc. 605.

[11] *Id*. at 19 (disallowing $14,960) and 29 (disallowing $11,315.95).

[12] Doc. 622.

[13] Doc. 625.

[14] Doc. 626.

[15] *Id*. at 2. Although the stay order directed that the bond money should be held in a non-interest bearing account, Rose Hill advises that the funds have been earning interest, and that an administrative fee of 10% of the earned interest is owed to the Clerk of the Court. The Motion proposes to award the interest, less the administrative fee, pro-rata with the bond principal.

[16] Doc. 628.

4

order does not bar the disbursement because this Court lacks the authority to stay the Tenth Circuit's mandate.[17]

## DISCUSSION.

### A. Distribution of the bond fund is not stayed.

Resolution of this dispute depends upon whether the stay order issued by this Court in conjunction with the notice of appeal to the BAP that was filed by Rose Hill and the Trustee remains effective after the issuance of the Tenth Circuit's mandate affirming the BAP. If the stay is not effective, there is no basis to hold the bond funds. The Court finds that the order did not stay proceedings other than during the appeal to the BAP, and therefore the bond funds should be disbursed even though Lazzo is seeking a writ of certiorari.

There are generally three levels of appeal for a bankruptcy court order. The first is to the BAP or the district court, the second is to the court of appeals, and the third is to the United States Supreme Court. At each level, the procedure for obtaining a stay is similar. A motion for a stay must initially be made to the court issuing the order which has been appealed. If that court denies the motion, the reviewing court may grant a stay. But there is no procedure for the bankruptcy court to stay the order of any appellate court, whether that is the BAP, the district court, or the circuit court. The stay of a bankruptcy court

_____

[17] Doc. 639.

judgment pending appeal is governed by Rule 8007(a).[18]  It provides that a motion for a stay of a judgment, order, or decree of the bankruptcy court pending appeal of that order to the BAP, the district court, or directly to the court of appeals shall first be filed in the bankruptcy court.  If the bankruptcy court denies the stay, a motion for a stay may be filed in the court in which the appeal is pending.  A stay pending appeal from a judgment of the BAP or the district court to the court of appeals is governed by Rule 8025.  It provides that the motion for a stay may be made in the court issuing the judgment which is the subject of the appeal, but that the rule does not limit the power of a court of appeals or any of its judges to stay a judgment pending appeal.  Once the court of appeals has ruled, a motion to stay that court's mandate pending a petition for a writ of certiorari is governed by Federal Rule of Appellate Procedure 41(d)(2).  It provides for the filing of a motion in the court of appeals.  The authority of the court of appeals to issue the stay is codified in 28 U.S.C. § 2101(f), which provides that a stay of a final judgment which is subject to review by the Supreme Court "may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court."  The statute has been construed to grant the power to stay the mandate of a court of appeals pending review by the Supreme Court to the court of appeals and a justice of the Supreme Court, to the exclusion of the district court.[19]

Based upon these authorities, the Court concludes that its stay order was effective

---

[18] Fed. Rule of Bankr. P. 8007.  Future references to the bankruptcy rules in the text shall be in the form of "Rule ____."

[19] *Brinkman v. Dep't of Correction*s, 857 F. Supp 775, 777  (D.Kan. 1994).

only until the BAP disposed of the appeal by Rose Hill and the Trustee. Since then, there has been no stay. Lazzo did not request a stay pending his appeal from the BAP to the Tenth Circuit or after the Tenth Circuit affirmed the BAP. Section "2101(f) contemplates enforcement of the court of appeals' judgment, even during the certiorari process, if no stay is obtained."[20] The Tenth Circuit's mandate has been received by this Court. There is no stay of the enforcement of the judgment awarding fees and expenses to Lazzo, as amended by the Tenth Circuit.

**B. The bond funds shall be distributed, but not as requested in the Motion.**

The Motion requests an order disbursing the bond funds as follows: $11,658.88 plus pro-rata interest (less pro-rata administrative fee) to Lazzo and the balance of $35,780.94, plus pro-rata interest (less pro-rata administrative fee) to "the Trustee and/or[Rose Hill] as may be designated between them."[21] The Court declines to grant this precise relief.

First, the Court finds that the amount owed to Lazzo for unpaid fees and expenses is $11,675.91 rather than $11,658.88. This is the difference between $37,951.86, the balance found owing to Lazzo in this Court's order allowing his administrative claim, and $26,275.95, the amount which the appellate courts found was erroneously allowed. The remaining balance of the bond funds is therefore $35,763.91, rather than the $35,780.94 stated by Rose Hill.

---

[20] *Id.*

[21] Doc. 626.

7

Second, Rose Hill provides no explanation supporting distribution of this balance to it or as agreed between it and the Trustee. The balance is greater than the amount deposited into the bond account by Rose Hill, apparently making the other six creditors solely liable for Lazzo's fees and expenses, even though it appears that they paid the Trustee the funds he requested, perhaps enabling him to deposit $14,289.41 to the bond account. Rather than granting the requested relief, the Court orders that the net funds in the bond account, plus accrued interest, after paying Lazzo $11,675.91, plus interest (less a pro-rata share of any administrative fee), and deducting a pro-rata share of any administrative fee, be distributed to the Trustee for administration in accord with the confirmed plan, giving due consideration to the source of the funds and the remaining administrative expenses.[22] An accounting shall be presented to the Court for approval prior to any distributions being made.

**CONCLUSION.**

For the foregoing reasons, the Court grants the Motion to disburse $11,675.91 of the bond funds, plus interest (less a pro-rata share of any administrative fee) to Lazzo, and the remaining balance of the funds in the bond account to the Trustee.

**IT IS SO ORDERED.**

# # #

---

[22] The amount of the bond fund owed to Lazzo was not an issue addressed by the parties' briefs. The Court's determination of that amount is not intended as a final ruling. Any objection to that determination should be addressed in the Trustee's accounting or objection thereto.

Case 11-11425    Doc# 644    Filed 03/17/16    Page 8 of 8